1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   LUCINA B. SAMUELSON, et al., | CASE NO. 13cv1306-LAB (WVG) |
| 12                              Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| 13         vs. | |
| 14 | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND** |
| 15   STATE OF CALIFORNIA, | |
| 16                              Defendant. | **ORDER OF DISMISSAL** |

17

18       On June 5, 2013, Plaintiffs Lucina B. Samuelson and David Franklin Taylor filed their

19   complaint along with a motion to proceed *in forma pauperis* ("IFP") by Samuelson only, and

20   a motion for appointment of counsel also by Samuelson only.

21       The motion to proceed IFP is largely nonsensical. Samuelson used a form application,

22   but her answers to the questions are unresponsive. For example, she said she owns real

23   estate or other valuable property, and when asked to describe it and state its value, wrote

24   "Bigger than life according to Judge Utma and Phoenix Arizona Removal." She didn't sign

25   the application as required by Fed. R. Civ. P. 11(a); instead, the signature line appears to

26   say "Phoenix Arizona Removal Trustee." She does, however, say she received income from

27   a wide variety of sources, that she expects to receive more money soon, and that she owns

28   property and other valuable assets, which she did not list because, she said, there wasn't

1    enough space on the form. Taylor didn't file an IFP motion, and no fee has been paid. *See*

2    *Gulbransen v. Far Northern Regional Center*, 2011 WL 2462994 (E.D.Cal., June 17, 2011)

3    (citing 28 U.S.C. § 1915) ("[E]ach plaintiff must file their own separate application to proceed

4    in forma pauperis, since filing fees must be paid unless each plaintiff applies for and is

5    granted leave to proceed in forma pauperis."); *Anderson v. California*, 2010 WL 4316996 at

6    *1 (S.D.Cal., Oct. 27, 2010) (citing 28 U.S.C. § 1915) ("[A]lthough only one filing fee needs

7    to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff

8    must qualify for IFP status.")

9       The complaint falls far short of complying with this Court's legibility requirements. *See*

10    Civil Local Rule 5.1. It also includes no short and plain statement of the grounds for the

11    Court's jurisdiction, what her claim is, or a demand for relief as required by Fed. R. Civ. P.

12    8(a). It appears to be an unrelated series of thoughts about some unspecified grievances by

13    Samuelson concerning earlier criminal proceedings and financial losses she suffered. It is

14    signed twice by her but not signed by her co-Plaintiff David Francis Taylor, in violation of

15    Fed. R. Civ. P. 11(a).

16       For these reasons, the motion to proceed IFP is **DENIED**, and the complaint is

17    **DISMISSED WITHOUT PREJUDICE**. The motion for appointment of counsel is no more

18    lucid than either of the other two filings, but in any case the issue is moot at this point, and

19    the motion is therefore **DENIED**. If Plaintiffs think they can successfully amend their

20    complaint, they must first either 1) both file motions to proceed IFP, or 2) pay the required

21    filing fee. After that, they may file an amended complaint, which must be filed no later than

22    **June 24, 2013**. If they do not do these things within the time permitted, this action will be

23    dismissed without leave to amend. All pleadings must be signed, and must also comply with

24    this Court's legibility requirements or they will be rejected for filing or stricken.

25       **IT IS SO ORDERED**.

26    DATED: June 6, 2013

27

28    **HONORABLE LARRY ALAN BURNS**
     United States District Judge

13cv1306